Matter of Saud v New York & Presbyt. Hosp. (2019 NY Slip Op 07375)





Matter of Saud v New York & Presbyt. Hosp.


2019 NY Slip Op 07375


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


10092N 155151/17

[*1] In re Talal Bin Sultan Bin Abdul-Aziz Al Saud, Petitioner-Appellant,
v
The New York and Presbyterian Hospital, Respondent-Respondent.


Hughes Hubbard & Reed LLP, New York (Michael E. Salzman of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 27, 2018, which denied the petition for pre-action disclosure from respondent hospital, unanimously dismissed, without costs, as moot.
The appeal has been rendered moot in light of the recent developments that have granted petitioner the specific relief he was denied in the order appealed from (see e.g. Matter of Feustel v Rosenblum, 6 NY3d 885 [2006]). In August 2018, petitioner filed documents with the motion court to show that he recently initiated a proceeding in Lebanon to obtain a declaration of filiation (the Lebanese Action). Following the filing of the Lebanese Action, the court granted petitioner's motion to renew the order appealed from and, upon renewal, directed respondent to produce the tissue samples to an accredited laboratory for testing. When a motion to renew an order substantially affects an order "in such a way as to remove the grievance that accounts for the appeal," the appeal should be abated (David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5517:1; see Reyes v Sequeira, 64 AD3d 500, 505-506 [1st Dept 2009]).
Furthermore, the Lebanese Action was dismissed in August 2019, thus removing the prerequisite for any pending action disclosure under CPLR 3102(e). Following dismissal of the Lebanese Action, respondent filed a motion to renew its opposition to the petition on this basis, and this motion remains sub justice. Should the motion court grant respondent's motion to renew its opposition, petitioner will be permitted to appeal from that order on a more complete and accurate record than the one presented here (CPLR 5701(a)(2)(viii). Accordingly, this appeal no longer remains the proper vehicle for deciding the matter.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED:
CLERK